IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

LAVON S. BLACKMAN,              )
                               )
            Plaintiff,         )
                               )
v.                             )       Case No. CIV-07-392-JHP
                               )
MICHAEL J. ASTRUE,             )
Commissioner of Social         )
Security Administration,       )
                               )
            Defendant.         )

## REPORT AND RECOMMENDATION

Plaintiff Lavon S. Blackman (the "Claimant") requests judicial review of the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying Claimant's application for disability benefits under the Social Security Act. Claimant appeals the decision of the Administrative Law Judge ("ALJ") and asserts that the Commissioner erred because the ALJ incorrectly determined that Claimant was not disabled. For the reasons discussed below, it is the recommendation of the undersigned that the Commissioner's decision be REVERSED and REMANDED for further proceedings.

### Social Security Law and Standard of Review

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment. . ." 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security Act "only if his physical or mental impairment or

impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . ." 42 U.S.C. §423(d)(2)(A). Social Security regulations implement a five-step sequential process to evaluate a disability claim. *See*, 20 C.F.R. §§ 404.1520, 416.920.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). This Court's review is limited to two inquiries: first, whether the decision was supported by substantial evidence; and, second, whether the correct legal standards were applied. Hawkins v. Chater, 113 F.3d 1162, 1164 (10th Cir. 1997)(citation omitted). The term "substantial

---

Step one requires the claimant to establish that he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires that the claimant establish that he has a medically severe impairment or combination of impairments that significantly limit his ability to do basic work activities. 20 C.F.R. §§ 404.1521, 416.921. If the claimant is engaged in substantial gainful activity (step one) or if the claimant's impairment is not medically severe (step two), disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1. A claimant suffering from a listed impairment or impairments "medically equivalent" to a listed impairment is determined to be disabled without further inquiry. If not, the evaluation proceeds to step four, where claimant must establish that he does not retain the residual functional capacity ("RFC") to perform his past relevant work. If the claimant's step four burden is met, the burden shifts to the Commissioner to establish at step five that work exists in significant numbers in the national economy which the claimant – taking into account his age, education, work experience, and RFC – can perform. Disability benefits are denied if the Commissioner shows that the impairment which precluded the performance of past relevant work does not preclude alternative work. *See generally*, Williams v. Bowen, 844 F.2d 748, 750-51 (10th Cir. 1988).

evidence" has been interpreted by the United States Supreme Court to require "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). The court may not re-weigh the evidence nor substitute its discretion for that of the agency. Casias v. Secretary of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the court must review the record as a whole, and the "substantiality of the evidence must take into account whatever in the record fairly detracts from its weight." Universal Camera Corp. v. NLRB, 340 U.S. 474, 488 (1951); see also, Casias, 933 F.2d at 800-01.

### Claimant's Background

Claimant was born on October 20, 1963 and was 43 years old at the time of the ALJ's decision. Claimant completed her education through the eleventh grade. Claimant testified she attended special education classes in school due to learning difficulties. Claimant has worked in the past as a nurse assistant. Claimant alleges an inability to work beginning May 10, 2004 due to rheumatoid arthritis.

### Procedural History

On August 11, 2004, Claimant protectively filed for disability insurance benefits under Title II (42 U.S.C. § 401, et seq.).

Claimant's application was denied initially and upon reconsideration. On August 11, 2005, Claimant again applied for disability insurance benefits, which was also denied initially and upon reconsideration. On June 18, 2007, a hearing was held before ALJ John Volz in Tulsa, Oklahoma. By decision dated July 13, 2007, the ALJ found that Claimant was not disabled during the relevant period. On September 29, 2007, the Appeals Council declined to review the ALJ's decision. Thus, the decision of the ALJ represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

## Decision of the Administrative Law Judge

The ALJ made his decision at step four of the sequential evaluation. He determined that while certain of Claimant's medical conditions were severe, Claimant did not meet a listing, and retained the residual functional capacity to perform her past relevant work as a nurse assistant.

## Errors Alleged for Review

Claimant asserts the ALJ committed error in (1) failing to properly consider the opinion of the state agency doctor concerning Claimant's mental functioning limitations; (2) failing to properly evaluate the opinion of Claimant's treating physician's assistant; and (3) improperly dividing Claimant's past composite job as a nurse assistant and finding she could perform the portions of the job involving lighter exertional requirements.

## State Agency Physician's Opinion

Claimant first asserts the ALJ should have considered the limitations found by the state agency physician, Dr. R.E. Smallwood. On October 21, 2004, Dr. Smallwood completed a Psychiatric Review Technique ("PRT") with regard to Claimant's mental condition. He acknowledged Claimant's prior treatment for hypertension and anxiety, including her taking of Zoloft for the latter condition. He also states that Claimant had not seen a mental health professional and that her mental health was being affected by her constant pain. (Tr. 157). Dr. Smallwood found Claimant suffered from Affective Disorders with sleep disturbance and difficulty concentrating or thinking. (Tr. 151, 153). Dr. Smallwood found moderate limitations upon Claimant's activities of daily living, ability to maintain social functioning, and ability to maintain concentration, persistence or pace. (Tr. 155).

Dr. Smallwood also completed a Mental Residual Functional Capacity Assessment form on Claimant. He determined Claimant had moderate limitations in the ability to understand and remember detailed instructions, the ability to carry out detailed instructions, and the ability to interact appropriately with the general public. (Tr. 159-160). Dr. Smallwood concluded that "Claimant can remember, understand and carry out simple and some complex instructions." (Tr. 161).

In his decision, the ALJ never makes reference to Dr.

5

Smallwood's findings or opinions. This was entirely inappropriate under the current regulations, which provide, in pertinent part:

> (i) Administrative law judges are not bound by any findings made by State agency medical or psychological consultants, or other program physicians or psychologists. However, State agency medical and psychological consultants and other program physicians and psychologists are highly qualified physicians and psychologists who are also experts in Social Security disability evaluation. Therefore, administrative law judges must consider findings of State agency medical and psychological consultants or other program physicians or psychologists as opinion evidence, except for the ultimate determination about whether you are disabled.

20 C.F.R. § 416.927.

The ALJ is required to consider the factors in evaluating an agency physician's opinion set out in 20 C.F.R. § 404.1527(a) through (e) as mandated in subsection (f) of that same section of the regulations. Since the ALJ considered no limitations on Claimant's mental functioning in evaluating her RFC, the failure to consider the agency doctor's opinions was not harmless error. On remand, the ALJ shall evaluate Dr. Smallwood's opinions and specifically state the weight he affords the opinions.

## Treating Physician's Assistant's Opinions

Claimant next challenges the ALJ's evaluation of the opinions of Kristen Ahdunko, a physician's assistant with the Northeast Oklahoma Community Health Center. Claimant first saw Ms. Ahdunko on January 20, 2006, complaining of joint pain from her hips to her feet as well as swelling in her ankles, legs, and hands. Ms.

6

Ahdunko diagnosed Claimant with polyarthralgia, hypertension, and back pain, prescribing medication for treatment. (Tr. 171).

Claimant again sought treatment for leg and arm pain May 1, 2006. She informed Ms. Ahdunko that she was having trouble walking and using her left arm. Ms. Ahdunko diagnosed Claimant with non-specific left side pain and hypertension, increasing her medication. (Tr. 197).

On September 12, 2006, Claimant saw Ms. Ahdunko for treatment of possible shingles with a rash and pain in her hands. Claimant told Ms. Ahdunko that she was having trouble gripping with her hands. Ms. Ahdunko diagnosed Claimant with polyarthralgia, hypertension, and shingles, prescribing medication. (Tr. 194).

On September 26, 2006, Claimant reported to Ms. Ahdunko that the rash was healing. Ms. Ahdunko again diagnosed Claimant with shingles, resolving, hypertension, and polyarthralgia. (Tr. 193).

On January 26, 2007, Claimant saw Ms. Ahdunko, seeking treatment for itching and swelling "all over." Ms. Ahdunko diagnosed Claimant with hypertension, polyarthralgia, and swelling, treating her with HCTZ. (Tr. 192).

On April 13, 2007, Claimant was treated by Ms. Ahdunko for soreness in the joints of her toes and feet. Claimant reported pain in her right ankle with an increase in pain with walking. Ms. Ahdunko diagnosed Claimant with bilateral ankle/foot pain. (Tr.

190).

On May 11, 2007, Ms. Ahdunko completed a Physical Medical Source Statement on Claimant. She determined Claimant could sit for one hour at a time, stand for 10-30 minutes at a time, and walk for 10-30 minutes at a time. She also stated on the form that Claimant can sit for 6 hours out of an 8 hour workday, stand for one hour out of 8 hours, and walk for one hour out of an 8 hour workday. She set forth that Claimant could lift up to 5 pounds frequently and 6-10 pounds occasionally, with never lifting above 10 pounds. (Tr. 183).

Ms. Ahdunko estimated Claimant could carry up to 5 pounds frequently, 6-10 pounds occasionally, and never over 10 pounds. She found a limitation upon Claimant's ability to use her left foot for repetitive motion and restricted Claimant to never bending, squatting, crawling, or climbing and only occasionally reaching. Ms. Ahdunko found marked limitations upon Claimant in activities involving unprotected heights and moderate limitations upon her ability to be around moving machinery, exposure to changes in temperature and humidity, and vibrations. (Tr. 184). She also found Claimant had decreased range of motion in her back. (Tr. 185).

In his decision, the ALJ recognized Ms. Ahdunko's statement in the record and the limitations she imposed upon Claimant's activities. However, he rejected her findings, stating "[t]he

findings of the physician assistant are not supported elsewhere in the medical reports. For example, the assistant's prohibition of bending, squatting, crawling, and climbing . . . has no objective support. Also, the opinion of a non-treating physician's assistant has very limited weight in consideration of the claimant's case for disability." (Tr. 17-18).

Ms. Ahdunko is not an "acceptable medical source," but rather an "other source" – a characterization Claimant does not challenge. As such, her opinions are considered under the precepts of Soc. Sec. R. 06-03p, which states:

> The fact that a medical opinion is from an "acceptable medical source" is a factor that may justify giving that opinion greater weight than an opinion from a medical source who is not an "acceptable medical source" because, as we previously indicated in the preamble to our regulations . . ., "acceptable medical sources" "are the most qualified health care professionals." However, depending on the particular facts in a case, and after applying the factors for weighing opinion evidence, an opinion from a medical source who is not an "acceptable medical source" may outweigh the opinion of an "acceptable medical source," including the medical opinion of a treating source. For example, it may be appropriate to give more weight to the opinion of a medical source who is not an "acceptable medical source" if he or she has seen the individual more often than the treating source and has provided better supporting evidence and a better explanation for his or her opinion. Giving more weight to the opinion from a medical source who is not an "acceptable medical source" than to the opinion from a treating source does not conflict with the treating source rules in 20 CFR 404.1527(d)(2) and 416.927(d)(2) and SSR 96-2p, "Titles II and XVI: Giving Controlling Weight To Treating Source Medical Opinions."

The record is clear that Ms. Ahdunko represented Claimant's primary medical caregiver for 2006-2007. The ALJ, by summarily rejecting her opinions, failed to recognize this relationship. The ALJ stated only that he gave "very little weight" to Ms. Ahdunko's opinions because other medical evidence did not support the restrictions she imposed. However, again, the ALJ failed to recognize the unique and solitary treatment relationship between Claimant and Ms. Ahdunko as revealed by the record.

Moreover, evidence did appear in the record from other medical sources to lend support to Ms. Ahdunko's restrictions. Claimant was examined by Dr. Lawrence A. Jacobs on May 12, 2004. He found Claimant suffered from arthralgias, with decreased range of motion of the cervical spine, diffuse tenderness throughout the cervical, thoracic, and lumbar spine. (Tr. 136). He also determined Claimant had reduced range of motion in her left shoulder, with tenderness at the knees, particularly along the medial margins. (Tr. 137). On remand, the ALJ shall re-evaluate Ms. Ahdunko's opinions in light of the totality of the record and specifically set forth the weight afforded her opinions and his reasoning for doing so.

### Step Four Analysis

In his step four analysis, the ALJ separated Claimant's past relevant work as a nurse assistant into a lighter duty component and heavier duty components, concluding Claimant could perform the

lighter duties of her past work. Composite jobs are recognized by the Social Security Regulations as jobs which contain elements of two different jobs identified in the Dictionary of Occupational Titles. Soc. Sec. R. 82-61. However, in most instances, a claimant must be able to perform the totality of a past relevant job. <u>Armstrong v. Sullivan</u>, 814 F.Supp. 1364, 1372 (W.D. Tex. 1993). The evidentiary record does not support the ALJ's conclusion that Claimant's past relevant work can be divided sufficiently into lighter and heavier duty components such that Claimant could be restricted to only the lighter duty elements and still be considered to hold her past relevant work. Indeed, when Claimant was restricted to light duty, it appears from the record that the employer struggled to keep her because she could not take care of patients as the job demanded. (Tr. 135, 238). On remand, the ALJ shall re-evaluate whether Claimant's past relevant work is, in fact, a "composite job" such as described in Soc. Sec. R. 82-61 or whether performing both light and heavier duty work were essential to maintaining her past relevant work.

### Conclusion

The decision of the Commissioner is not supported by substantial evidence and the correct legal standards were not applied. Therefore, the Magistrate Judge recommends for the above and foregoing reasons, the ruling of the Commissioner of Social Security Administration should be **REVERSED and the matter REMANDED**

for further proceedings consistent with this Order.  The parties are herewith given ten (10) days from the date of the service of these Findings and Recommendations to file with the Clerk of the court any objections, with supporting brief.  Failure to object to the Findings and Recommendations within ten (10) days will preclude appellate review of this decision by the District Court based on such findings.

DATED this 6th day of March, 2009.

KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE